# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 5:16 CR 362 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **DAMAR RUFFIN,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

This matter is before the Court on the Motion to Suppress Search Warrants and Arrest; Fourth Amendment Violation; Request for Evidentiary Hearing (Docket #36) and the Supplemental Motion to Suppress (Docket #45) filed by Defendant, Damar Ruffin. A hearing on Mr. Ruffin's Motion to Suppress was held on November 17, 2017. (Docket #52.) Postal Inspector Marc Kudley of the United States Postal Inspection Service and Detective Chris Carney of the Akron Police Department, Narcotics Unit, testified on behalf of the United States.

**I.      Factual and Procedural Background.**

On November 13, 2015, a Federal Search Warrant was issued and executed on U.S. Postal Service Parcel bearing Label No. EL099437390US, addressed to Jessica Bank, 2045 White Pond Dr., Akron OH 44313, with a return address of Brandon Elliot, 4301 W. Nichols, Sacramento, CA 95820. (Docket #39, Exhibit 1.) During their search of the Parcel, Postal Inspectors found approximately five pounds of methamphetamine concealed in two white plastic

cylinders. On November 13, 2015, a controlled delivery of the Parcel was made and the Parcel was transferred by a Postal Supervisor to Postal Carrier Jalila S. Stoudemire, who was suspected of being involved in the distribution of methamphetamine, for delivery on her route. Instead of delivering the Parcel – and a second parcel, Parcel No. EL09943739045, containing approximately three pounds of methamphetamine for which a search warrant was also issued and controlled delivery executed – Ms. Stoudemire scanned both Parcels as delivered but transferred the Parcels at the end of her shift to her personal vehicle at the Post Office. She then drove her personal vehicle with the two Parcels inside to 665 W. Exchange Street, Akron OH 44302, an address known to law enforcement as being associated with drug trafficking.

Postal Carrier Stoudemire was arrested in the driveway of 665 W. Exchange Street and the Parcels were recovered from her personal vehicle. After Postal Carrier Stoudemire was arrested, authorities arrested Damar Ruffin behind 665 W. Exchange Street as he attempted to flee from the back of the house. Mr. Ruffin was charged with a State felony offense relating to the methamphetamine being delivered to 665 W. Exchange Street. (Docket #39, Exhibit 2.) Two cellular phones (LG and Kyocera), and $1,340.00 in U.S. Currency, were seized from Mr. Ruffin at the time of his arrest. Two hours later, officers secured a Search Warrant for 665 W. Exchange Street. (Docket #36, Exhibit B.)

On November 16, 2017, a Search Warrant was issued for the cell phones seized during Mr. Ruffin's arrest. Chris Carney, a Detective with the Akron Police Department, Narcotics Unit, submitted an Affidavit in support of the issuance of the Search Warrant, stating as follows:

1. Affiant is a member of the Akron Police Department and has been so employed for the past 18 years, his current assignment is with the Akron Narcotic Unit.

2. Affiant states that on 11-13-15 two packages addressed to Jessica Bank 2045 White Pond Dr. Akron, Ohio 44313 and Ms. Dena J Watkins 1695

                Liberty Dr. Akron Ohio 44313 were interdicted at the United States Post Office. Federal search warrants were sought and obtained for the parcels.

3.      Affiant states that on 11-13-15 the above packages were opened. The parcel addressed to White Pond contained approximately 5 pounds of crystal methamphetamine The parcel addressed to 1695 Liberty Drive contained approximately 3 pounds of crystal Methamphetamine.

4.      Affiant is aware that a controlled delivery operation was undertaken where the two packages, known to contain methamphetamine, were provided to a postal carrier who was suspected of diverting drug packages for area drug traffickers. One package was outfitted with a device which made it possible to track the location of the package through its GPS coordinates.

5.      Affiant is aware that detectives maintained surveillance on the postal carrier. Affiant is aware that neither package was delivered. During the course of her daily routine. The postal carrier was seen leaving the post office with the packages still in her possession. She was followed to 665 W Exchange St where she was arrest prior to delivering the parcels. Damar D Ruffin at the time the arrest was made and is believed to be one of intended recipients of the parcels.

6.      Affiant states that 665 W Exchange St is within the city limits of Akron.

7.      Affiant states that Damar D Ruffin was arrested and charged with Possession of Sch II Crystal Methamphetamine

8.      Affiant states that Damar D Ruffin was searched incident to his arrest and found in possession of the above described cellular phones.

9.      Affiant is aware based on his training; education and experience that individuals involved in illicit drug activity often keep contacts and transaction information in cellular phones.

10.    Affiant states that he has good cause to believe evidence of Possession of Sch II Crystal Methamphetamine, including electronically stored information including phone numbers, ingoing/outgoing calls, text messages, pictures, e-mail and date will be found on the listed phones

(Docket #39, Exhibit 3.)

On March 29, 2017, Mr. Ruffin was indicted for conspiracy to possess with intent to distribute approximately 2,201.7 grams of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, in Count 1 of a Superseding

Indictment. (Docket #19, Pages 1-3.) As set forth in the Indictment, in early November 2015, Mr. Ruffin flew from Cleveland, Ohio to Reno, Nevada, where he rented a vehicle and drove to Sacramento, California. On November 4, 2015, while in Sacramento, Randolph L. Harris and Mr. Ruffin packaged five bags containing a total of approximately 2,210.7 grams of methamphetamine into two plastic cylinders. Subsequently, Mr. Ruffin drove from Sacramento, California to Reno, Nevada, then flew back to Cleveland, Ohio.

On November 13, 2015, Mr. Ruffin was present at 665 W. Exchange Street in Akron, Ohio when Postal Carrier Stoudemire brought the methamphetamine contained in the two plastic cylinders to that location. As stated above, Mr. Ruffin attempted to flee the location when Postal Carrier Stoudemire was arrested in the driveway.

On June 14, 2017, Mr. Ruffin filed his Motion to Suppress Search Warrants and Arrest; Fourth Amendment Violation; Request for Evidentiary Hearing, requesting that the Court suppress (1) any evidence seized from 665 W. Exchange Street, Akron, Ohio and (2) any evidence seized from the person or phones of Mr. Ruffin as a result of his arrest and the search warrants issued on November 13, 2015 and November 16, 2015. On July 6, 2017, the Government filed its Response to Defendant's Motion to Suppress Search Warrants and Arrest. (Docket #39.) The Government indicates that it does not intend to use any evidence seized from the residence on November 13, 2015. Accordingly, Mr. Ruffin's Motion to Suppress is moot to the extent it relates to the search of 665 W. Exchange Street and the evidence obtained during that search.

Mr. Ruffin filed a Supplemental Motion to Suppress on September 5, 2017, requesting

the Court also suppress the introduction of Parcel Number EL0994379OUS[1] into evidence at trial. (Docket #45.) On September 12, 2017, the Government filed its Response to Defendant's Supplemental Motion to Suppress. (Docket #47.) A hearing was held on November 17, 2017 and the Parties were granted leave to file any supplemental briefing by December 1, 2017. (Docket #52.)

On November 30, 2017, Mr. Ruffin filed his Supplemental Brief in Support of Motion to Suppress. (Docket #53.) The sole issue addressed by Mr. Ruffin is United States Postal Inspector Marc Kudley's testimony during the November 17, 2017 hearing regarding a separate methamphetamine delivery on October 15, 2017. Mr. Ruffin states he "would like the Court to consider that there is no nexus between this prior delivery in October and the delivering alleged in the indictment" and "the only link between the two series of events is that a phone associated with Ruffin was used to check on the delivery in October." (Docket #53 at p. 2.)

**II.    Discussion.**

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. "Police may arrest a person without a warrant if they have probable cause at the time of the arrest to believe that the person has committed or is committing a crime." *United States v. Caicedo*, 85 F.3d 1184, 1192 (6th Cir. Ohio 1996). "Probable cause . . . does not require any showing that the officer's suspicions prove to be correct or that they are more likely true than false." *Id.* A lawful warrantless arrest is based on the totality of the circumstances, and "requires only a probability or substantial chance of criminal activity, not an actual showing of

---

[1] Mr. Ruffin erroneously references Parcel Number EL09943749045 on the first page of his Supplemental Motion to Suppress.

-5-

such activity." *Illinois v. Gates*, 462 U.S. 213, 245 (1983).

When analyzing whether a warrantless arrest is supported by probable cause, we ask "whether, at the time of the arrest, the facts and circumstances within the arresting officer's knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent person to conclude that an individual either had committed or was committing an offense." *United States v. Torres-Ramos*, 536 F.3d 542, 555 (6th Cir. Ohio 2008) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). "'Headlong flight – wherever it occurs – is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such.'" *United States v. Moore*, 390 Fed. Appx. 503, 508 (6th Cir. Ohio 2010) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000)).

**Officers Had Probable Cause to Arrest Mr. Ruffin.**

Mr. Ruffin was arrested while fleeing from the back of 665 W. Exchange Street – a house known by law enforcement officers to be associated with illegal drug activity. Mr. Ruffin fled 665 W. Exchange Street moments after Postal Carrier Stoudemire was arrested in the driveway, when she arrived with the Parcels containing a large amount of methamphetamine. Postal Inspectors had previously identified the Parcels; obtained a warrant to search the Parcels; discovered the methamphetamine; placed a tracking device in one of the Parcels; and, made a controlled delivery of the Parcels to Postal Carrier Stoudemire. Instead of delivering the Parcels to the listed addresses, Postal Carrier Stoudemire transferred the Parcels to her personal vehicle and drove to 665 W. Exchange Street where law enforcement officers believed she intended to deliver the methamphetamine. Mr. Ruffin's presence at a house known for illegal drug activity and his flight from the back of the home at the precise time the methamphetamine was delivered and Postal Carrier Stoudemire was arrested was sufficient to establish a probability or substantial

chance of criminal activity. Thus, based on the totality of the circumstances, officers had probable cause to arrest Mr. Ruffin.

**The two cellular phones at issue were lawfully seized and the cell phone records were obtained pursuant to valid warrants.**

A law enforcement officer is permitted to search an individual without a warrant following a lawful custodial arrest. *United States v. Robinson*, 414 U.S. 218, 235 (1973) (holding that following "a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment"). "The justification or reason for the authority to search incident to a lawful arrest rests quite as much on the need to disarm the suspect in order to take him into custody as it does on the need to preserve evidence on his person for later use at trial." *Robinson*, 414 U.S. 218, 234 (citing *Agnello v. United States*, 269 U.S. 20 (1925); *Abel v. United States*, 362 U.S. 217 (1960)).

In *Riley v. California*, 134 S. Ct. 2473 (2014), the Supreme Court held that "a warrant is generally required before [a cell phone is subject to] a search, even when a cell phone is seized incident to arrest." *Id.* at 2493. The Court did not create a standard of higher specificity for such warrants or a heightened showing of probable cause. Rather, the Court stated, "Our answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple—get a warrant." *Id.* at 2495.[2] A search warrant may be authorized only upon

---

[2]

While a valid warrant supported by probable cause is required before a cell phone is subject to search, individuals lack "a reasonable expectation of privacy in basic cell phone records (including subscriber information and numbers dialed and received), as well as historical cell-site location information voluntarily shared with, and collected by, [a] cell phone carrier." *United States v. Ledbetter*, Case No. 2:15 CR 80, 2015 U.S. Dist. LEXIS 161693, *39-41 (S.D. Ohio Dec. 2, 2015) (citing *Smith v. Maryland*, 442 U.S. 735, 745 (1979); *Huon v. Mudge*, 597 F. App'x 868, 875 (7th Cir. Ill. 2015); *United States*

-7-

a showing of probable cause, which means only a "fair probability" that contraband or evidence of a crime will be found in a particular place. *United States v. Terry*, 522 F.3d 645, 648 (6th Cir. 2008). A magistrate need find only "reasonable grounds" to believe the search will yield evidence of criminal activity. *United States v. Thomas*, 605 F.3d 300, 307 (6th Cir. 2010).

Mr. Ruffin was searched at the time of his arrest and the two cellular phones at issue were seized. A Search Warrant was sought and obtained from the City of Akron, Ohio Municipal Court for the search of the two cell phones. The sworn Affidavit for Search Warrant of Detective Carney of the Akron Police Department included detailed information as to the events establishing the probability of criminal activity leading up to Mr. Ruffin's arrest at 665 W. Exchange Street at the time of the delivery of the methamphetamine when the cell phones were seized. The Search Warrant was supported by probable cause and contained explicit language that the phones were to be searched for "Electronically stored information including phone numbers, ingoing/outgoing calls, text messages, pictures, e-mail, data and any other evidence of Possession Crystal Methamphetamine." There is no basis upon which to suppress evidence obtained as a result of the search of the two cell phones. Accordingly, Mr. Ruffin's Motion to Suppress as it relates to the search warrant for and evidence obtained from the cell phones lawfully seized during his arrest is denied.

> **Mr. Ruffin Cannot Establish a Fourth Amendment Violation With Regard to the Placement of a Tracking Device in a Parcel in Which He Claims No Interest and/or Which Has Already Been Lawfully Confiscated.**

Mr. Ruffin asserts that his Fourth Amendment Rights were violated when authorities

---

*v. Davis*, 785 F.3d 498, 511 (11th Cir. Fla. 2015); *United States v. Jones*, 908 F. Supp. 2d 203, 211 & n.9 (D.D.C. 2012); *United States v. Clenney*, 631 F.3d 658, 666 (4th Cir. Va. 2011); *United States v. Phibbs*, 999 F.2d 1053, 1077 (6th Cir. Ky. 1993); *Gibson v. Sheldon*, Case No. 3:13 CV 1997, 2015 U.S. Dist. LEXIS 57432, at *10 (N.D. Ohio May 1, 2015)).

placed a tracking device in the Parcel without a warrant. However, Mr. Ruffin claims no interest in the Parcel and, accordingly, cannot establish he had a legitimate expectation of privacy in the Parcel. *United States v. Padilla*, 508 U.S. 77 (1993). Furthermore, the Parcel had been lawfully opened, inspected and determined to contain contraband pursuant to a valid warrant prior to the tracking device being placed inside. There is no reasonable expectation of privacy in contraband that has already been lawfully confiscated. *United State v. Rosario*, (D. Alaska Feb. 17. 2017 (citing *United States v. Gbemisola*, 225 F.3d 753, 759 (D.C. Cir. 2000); *United States v. Dubrofsky*, 581 F.2d 208-210-11 (9th Cir. 1978)). Accordingly, Mr. Ruffin's Motion to Suppress as it relates to the tracking device being placed in the Parcel by authorities is hereby denied.

**III.    Conclusion.**

For the reasons stated above, Defendant Damar Ruffin's Motion to Suppress Search Warrants and Arrest; Fourth Amendment Violation; Request for Evidentiary Hearing (Docket #36) and the Supplemental Motion to Suppress (Docket #45) are hereby DENIED.

IT IS SO ORDERED.

    s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: December 29, 2017