UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:16 CR 362 |
| | ) | |
| Plaintiff-Respondent, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| DAMAR D. RUFFIN, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |

This matter comes before the Court upon Damar Ruffin's ("Petitioner's") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #132, #134). The government filed a Response in Opposition and Petitioner filed a Reply. (ECF #135, #136). This matter is now fully briefed and ready for disposition. For the reasons set forth herein, the petition (ECF #132) is DENIED.

## I. PROCEDURAL BACKGROUND

On March 29, 2017, a federal grand jury returned a superseding indictment charging Damar D. Ruffin with conspiracy to possess with intent to distribute approximately 2,210.7 grams of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A), and 846. (ECF #19). A jury unanimously found Ruffin guilty of this charge. (ECF #70).

Prior to trial, the government filed an information notice under 21 U.S.C. § 851 of Petitioner's four prior felony drug offenses. (ECF #59). Prior to sentencing, Petitioner acknowledged through his counsel that he had been previously convicted of at least two prior felony drug offenses. (ECF #96). This Court concluded that Petitioner's total offense level was 37 with a criminal history of VI, (ECF #96), and imposed a mandatory term of life imprisonment on May 15, 2018. (ECF #84).

Petitioner filed a timely notice of appeal, and the Sixth Circuit affirmed his conviction. *United States v. Ruffin*, 783 F. App'x 478 (6th Cir. 2019). Subsequently, on February 24, 2020, Petitioner filed a writ of certiorari with the U.S. Supreme Court, which was denied on May 4, 2020. (ECF #116). Petitioner also filed a motion seeking a reduced sentence under the First Step Act of 2018, on December 16, 2019, which this Court denied on January 24, 2020. (ECF #105, #108). Petitioner appealed this Court's denial, and the Sixth Circuit affirmed the Court's decision. *United States v. Ruffin*, No. 20-3203, 2020 U.S. App. LEXIS 33441 (6th Cir. Oct. 22, 2020).

On November 12, 2020, Petitioner filed a "Motion Requesting to Fully Adopt and Incorporate the ad.remedy FSA (2018) Exhaustion under Certified Mail No. 702006640000064372834 as Motion Pursuant FSA (2018)/18 U.S.C. 3582." (ECF #118). On the same date, Petitioner also filed a "Motion Requesting Consideration of Mitigating Circumstances for Purposes of the First Step Act (2018)/18 U.S.C. 3582(c)(1)(A) as Attached Fully Incorporated as Adopted." (ECF #120). On February 1, 2021, this Court denied Petitioner's Motions. (ECF #131).

On April 29, 2021, Petitioner filed the instant Motion to Vacate under 28 U.S.C. § 2255. Petitioner claims that he is entitled to relief based on ineffective assistance of counsel during his sentencing hearing and appeal. Specifically, Petitioner argues that his attorneys were ineffective because they failed to (1) object to the term of life imprisonment during the sentencing hearing; (2)

appeal the term of life imprisonment; (3) object to the application of the Career Offender Guideline during sentencing hearing; and (4) appeal the application of the Career Offender Guideline.

## II. STANDARD OF REVIEW

### A. Standard for Relief Under § 2255

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

### B. Ineffective Assistance of Counsel

For Petitioner to prevail on an ineffective assistance of counsel claim, he must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the proceedings were unfair and the result was unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* Judicial scrutiny of counsel's

performance must be "highly deferential," as defense counsel's competence is presumed. *Id; Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Petitioner must rebut this presumption by proving, not simply alleging, that his attorneys' representation was unreasonable under prevailing norms and that the challenged actions were not sound strategy. *Kimmelman*, 477 U.S. at 347.

### III. ANALYSIS

A.  Failure to Object to the Term of Life Imprisonment

Petitioner first alleges that his attorney failed to object to the term of life imprisonment during his sentencing hearing. Petitioner asserts that the jury returned a general verdict that did not find the drug quantity beyond a reasonable doubt. Petitioner argues that absent a jury finding of the amount of drug beyond a reasonable doubt, the maximum statutory sentence allowed is thirty years taking into account the Jury's General Verdict and the Government's Notice under 21 U.S.C. § 851. Petitioner alleges that the sentence was unconstitutional because it was beyond the maximum statutory sentence allowable. Petitioner asserts that his Sentencing Counsel was ineffective because counsel did not object to the term of life imprisonment. Petitioner also alleges that his Appellate Counsel was ineffective because counsel failed to appeal the term of life imprisonment as plain error.

*Apprendi* states that the jury must prove beyond a reasonable doubt any fact that increases the penalty of a crime beyond the prescribed statutory maximum. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Because the quantity of drug is a factual determination that increases the penalty of the crime pursuant to the provisions of § 841, a jury must find defendant guilty of possessing with intent to distribute a specific amount of drug for § 841(b)(1)(A) or (B) to apply. *United States v. Page*, 232 F.3d 536, 543 (6th Cir. 2000).

Contrary to Petitioner's argument, the jury did find that Petitioner intended to possess with intent to distribute a specific amount of drug beyond a reasonable doubt. The superseding indictment

and the court's jury instructions specifically included the weight of the specified drug. (ECF #19, #99). Furthermore, before the jury retired to deliberate, the Court instructed the jury on the substance and effect of the written signed stipulations, which specifically included the weight of the methamphetamine. (ECF #99). Finally, the jury verdict form found Defendant guilty as charged in the Superseding Indictment, and the Superseding Indictment included the specified amount of drug. (ECF #70).

Petitioner was properly convicted based on the specified amount of drug under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and Petitioner's counsel had no reason to object to the term of life imprisonment or to appeal the term of life imprisonment as plain error. Therefore, Petitioner cannot satisfy his burden in proving that his counsel's lack of objection to the term of life imprisonment was unreasonable under prevailing norms.

B.  Failure to Object to the Application of the Career Offender Guidelines

Petitioner also alleges that his attorney failed to object to the application of the Career Offender Guidelines because the Guidelines' definition of controlled substance offense does not include attempt crimes. Petitioner argues that sentencing and appellate counsel failed to predict that the Sixth Circuit Court would later declare that attempt crimes are not controlled substance offenses. Petitioner asserts that *Havis I* clearly foreshadowed the ruling of *Havis II*, which held that the Guidelines' definition of controlled substance offense does not include attempt crimes. Although Petitioner recognizes that the alleged ineffectiveness of his counsel did not prejudice him as to his term of incarceration, he argues that he was prejudiced in his Bureau of Prison's security classification, in how he would be viewed as likely to re-offend, and what he might be eligible to participate in while he was incarcerated.

Counsel's performance assessment is based on the perspective that counsel had at the time of the performance rather than "in the harsh light of hindsight." *Snider v. United States*, 908 F.3d

183, 192 (6th Cir. 2018). The performance assessment must consider all circumstances of counsel's challenged conduct. *Id.* Unless the development of law is clearly foreshadowed by existing decisions, counsel is not ineffective for failing to predict a future change in the law. *Id.* Further, courts often reject ineffectiveness claims for lack of sufficient prejudice. *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019).

Petitioner was sentenced on May 15, 2018, when the controlling law considered that an attempt to distribute a controlled substance qualified as a controlled substance offense. *United States v. Evans*, 699 F.3d 858, 868 (6th Cir. 2012). Therefore, the Court and the parties appropriately applied the Career Offended Guidelines. Furthermore, the designation of Petitioner as career offender had no impact on Petitioner's sentence because the law required a statutory minimum mandatory life term. Consequently, sentencing counsel was not ineffective for not objecting to the career offender finding. That finding was not only in accordance with the controlling law at that time but also did not prejudice Petitioner because it had no impact on Petitioner's sentence.

Furthermore, appellate counsel was not ineffective for not appealing the career offender finding. First, the court and the parties had appropriately applied the Career Offended Guidelines according to the controlling law at that time. Second, *Havis I* decision affirmed the controlling law that considered that an attempt to distribute a controlled substance qualified as a controlled substance offense. *United States v. Havis*, 907 F.3d 439, 442 (6th Cir. 2018). Third, the career offender finding had no impact on Petitioner's sentence. Hence, considering all circumstances, appellate counsel was not unreasonable or ineffective. Even if *Havis I* clearly foreshadowed the decision of *Havis II* as Petitioner alleges, Petitioner has not showed that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the proceedings were unfair and the result was unreliable.

## IV.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #132) is DENIED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: October 18, 2021