IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:16 CR 362 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| DAMAR RUFFIN, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant, Damar Ruffin's Second Motion to Vacate Under 28 U.S.C. §2255. (ECF#145). The government filed a Response to the Motion, and the Defendant filed a Reply in support of his motion. (ECF #146, 147). Mr. Ruffin filed a previous §2255 motion to vacate, which was denied. (ECF #132, 138). The Sixth Circuit denied Mr. Ruffin's request for a certificate of appealability. Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Mr. Ruffin argues that his "second in time" motion under §2255 is not subject to the gate-keeping provisions of 28 U.S.C. §2255(h). He cites cases from the Fifth and Eleventh Circuits in support of this argument. This Court is not bound by cases from other circuits. Mr. Ruffin also cites *Penetti v. Quarterman*, 551 U.S. 930, 943-44 (2007), and *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010) for the proposition that "claims whose predicates arose after the filing of the original petition" may be addressed by the district court without satisfying the certification requirement of 28 U.S.C. §2255(h). *Jones* at 605. Both holdings are clearly distinguishable, however. *Penetti* involved a defendant who had been sentenced to death, but was found, post-sentencing, to be incompetent to be executed, which would have made the execution of his sentence unconstitutional. In *Jones*, the changes to Michigan law that triggered the allowance of an additional motion under §2255, that was not subject to the gate-keeping provisions of §2255(h), effectively enhanced the defendant's penalties after he had already been sentenced. This was held to be a violation of the Constitution's *Ex Post Facto* Clause. The circumstances that form the basis of Mr. Ruffin's claim do not clearly violate any constitutional right. Rather, he alleges that new circumstances have arisen, post-sentencing, that, had they been in place prior to sentencing, would have lessened his sentencing range. This does not violate the *Ex Post Facto* clause or any other identifiable state or federal Constitutional right. Rather, it is more akin to a situation where a sentencing law or guideline has been changed, but not made retroactive, which is constitutionally permissible. Such claims would not be allowed to avoid the certification requirements of §2255(h) if they were raised in a §2255 motion.

Mr. Ruffin also cites *Storey v. Vasbinder*, 657 F.3d 372, 377 (6th Cir. 2011), which he quotes as saying that permission for second or successive motion isn't necessary if the claim raised

2

"would have been unripe if it had been presented," in an earlier motion to vacate. *Id.* at 377. The actual holding in *Storey* is much more limited, however. *Storey* held that a petition filed after a remedial appeal, ordered in response to an earlier petition, is not second or successive within the meaning of §2244[] even if it includes claims that could have been included, but were not, in the first petition." In essence, *Storey* recognized that ordering a new direct appeal re-sets the availability of a §2255 motion, because it re-opens the record and alters the triggering events for a motion under §2255.

Mr. Ruffin has not convincingly shown that his second motion under §2255 falls outside the purview of §2255(h). Although the expungements that form the basis for his motion occurred after his sentencing, he has not demonstrated that his claim falls within the very narrow set of exceptions under which a second-in-time motion is not considered to be a "second or successive" motion, as intended by the Antiterroism and Effective Death Penalty Act.

Mr. Ruffin has not received authorization from the Sixth Circuit to file this successive §2255 motion. The motion, therefore, may not be reviewed by the Court at this juncture. Therefore, the Clerk of Court is directed to transfer Mr. Ruffin's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

Date: December 9, 2024