IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:16 CR 362 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| DAMAR RUFFIN, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant, Damar Ruffin's Motion to Reconsider or Vacate. (ECF#149). Mr. Ruffin seeks reconsideration of the Order determining that his second-in-time motion for relief under §2255 motion to vacate, requires a certificate of appealability from the Sixth Circuit. (ECF #148). Mr. Ruffin argues that no certificate is needed because it is based on facts that were not known and could not have been cited at the time of his first §2255 motion. A second-in-time request under §2255 cannot be exempt from certification just because it includes a new fact, because the criteria for certification includes the discovery of new facts – "newly discovered evidence" – or new rules of law. Further, Mr. Ruffin bases his argument in large part on the holding in *Johnson v. United States*, 544 U.S. 295, 302 (2005). Johnson did not involve a second motion for relief under §2255. Rather, it allowed an extension of the one year statue of limitations for filing a first motion under §2255. Further, the *Johnson* did characterize the vacation of a conviction as a new "fact" that could be considered when determining whether an

extension was warranted, though it admitted it was not a smooth fit.  As stated above, however, not every new "fact" eliminates the certification requirement for second-in-time motions under §2255.  In addition, the vacation of a conviction alters the validity of the conviction, changing the fact of the defendant's guilt for that offense.  An expungement is legal device used to eliminate future ramifications from a conviction but does not change the fact that the defendant had been found guilty of the offense.  This distinguishes Mr. Ruffin's case from the holding in *Johnson*.

As stated in the Court's original Order, Mr. Ruffin alleges that the legal effect of a prior conviction has changed, post-sentencing, not that the prior conviction was not valid when he was sentenced.  Mr. Ruffin has not convincingly shown that his second motion under §2255 falls outside the purview of §2255(h).  Although the expungements that form the basis for his motion occurred after his sentencing, he has not demonstrated that his claim falls within the very narrow set of exceptions under which a second-in-time motion is not considered to be a "second or successive" motion, as intended by the Antiterroism and Effective Death Penalty Act.

Mr. Ruffin has not received authorization from the Sixth Circuit to file this successive §2255 motion.

IT IS SO ORDERED.


Donald C. Nugent
United States District Judge

Date: January 10, 2025

2