IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:16 CR 362 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| DAMAR RUFFIN, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant, Damar Ruffin's Second Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF#145). The Sixth Circuit has determined that Mr. Ruffin 's second-in-time motion for relief under §2255 is not a successive motion under 28 U.S.C. §2244. (ECF #157). Following remand from the Sixth Circuit, the Government filed a Response in Opposition to Mr. Ruffin's motion, and Mr. Ruffin filed a Reply in support. (ECF # 161, 162). The motion, is, therefore, ready for disposition.

## PROCEDURAL HISTORY

On March 29, 2017, Mr. Ruffin was indicted on a charge of conspiracy with intent to distribute approximately 2,210.7 grams of methamphetamine, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A), and 846. (ECF #19). A jury later found him guilty of the charged

offense. (ECF #70). Because he had four prior felony drug convictions, obtained in the Summit County Court of Common Pleas, Mr. Ruffin qualified as a career offender at the time of his sentencing, (ECF # 78), and was subject to a statutory mandatory minimum sentence of life in prison. 21 U.S.C. §841(b)(1)(A), 21 U.S.C. §851. His sentence was imposed on May 15, 2018, and was upheld on direct appeal. (ECF #83, 84, 122).

Mr. Ruffin later filed a motion to vacate his sentence under 28 U.S.C. §2255. The Court found no constitutional violations, and determined that the files and records in the case conclusively showed that Mr. Ruffin was not entitled to relief. (ECF # 137, 138). Neither the Sixth Circuit, nor the United States Supreme Court found that further review was warranted. (ECF #142, 144). Subsequently, the Summit County Court of Common Pleas entered Orders expunging three of the four state felony drug convictions. (ECF #145, Ex. 1-3). Absent these three convictions, Mr. Ruffin would not have been subject to a mandatory statutory minimum sentence of life in prison.

## ANALYSIS

In order to succeed, a petition under 28 U.S.C. §2255 must show that the petitioner's sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." There is no question that the Court had jurisdiction to impose sentence on Mr. Ruffin. There is also no question that at the time it was imposed, in 2018, Mr. Ruffin's sentence did not violate the Constitution or laws of the United States, was not in excess of the maximum authorized by law, and was not otherwise subject

2

to collateral attack. (*See, e.g.*, ECF #122, 137, 142, 144). All appealable matters available to Mr. Ruffin at the time of his sentencing were raised and addressed in previous filings, and his sentence was upheld. Further, Mr. Ruffin does not claim that the expunged predicate offenses were constitutionally or legally infirm, or that he was innocent of the underlying charges.

The only relevant change to Mr. Ruffin's circumstances occurred when the Summit County Court of Common Pleas expunged three of the convictions that had originally triggered the application of the statutory mandatory minimum sentence of life in prison. Thus, the only question before the Court is whether the post-sentencing expungement of a predicate conviction affects the validity of a sentence that is increased by the expunged conviction. There is no legal basis to believe that it does.

Ohio law specifically limits the effect of expungement, precluding it from excluding the introduction of expunged convictions when proving a defendant's criminal history in subsequent proceedings.

Ohio Revised Code § 2953.34(B) provides:

> In any criminal proceeding, proof of an otherwise admissible prior conviction may be introduced and proved, nothwithstanding the fact that for any such prior conviction an order of sealing or expungement previously was issued.

When Ohio law specifically prohibits using a prior expungement to preclude consideration of a defendant's full criminal history in subsequent criminal proceedings, there can be absolutely no legal or rational basis to retroactively change a sentence that properly relied on an exiting conviction, simply because the predicate conviction was later expunged.

Even in the absence of an explicit limitation such as the one in Ohio's expungement statute, federal courts, have concluded that expunged, and dismissed state convictions can be considered as predicate convictions under 21 U.S.C. §841, as long as they do not alter the legality of the conviction, or represent that the defendant was actually innocent of the charged crime. The United States Supreme Court has stated that:

> expunction does not alter the legality of the previous conviction and does not signify that the defendant was innocent of the crime to which he pleaded guilty.

*Dickerson v. New Banner Institute, Inc.*, 103 S.Ct. 986 (1983). Several other federal courts, relying on *Dickerson*, have also clearly held that an expungement of a conviction does not preclude its consideration when determining a defendant's criminal history for purposes of sentencing, including whether to apply the career offender designation.

> An expunged or dismissed state conviction qualifies as a prior conviction if the expungement or dismissal does not alter the legality of the conviction or does not represent that the defendant was actually innocent of the crime. . . Our sister circuit courts that have addressed the issue agree that a deferred, expunged or dismissed state conviction qualifies as a prior conviction under §841.

*United States v. Norbury*, 492 F.3d 1012 (9th Cir. 2007)(citations omitted); *see also, United States v. Pritchett*, 749 F.3d 417 (6th Cir. 2014)("Every other circuit. . . has held that a deferred, expunged or dismissed state conviction qualifies as a prior conviction under §841(citations omitted)).

There is no information that would suggest that Mr. Ruffin's convictions were expunged because they were not legally imposed, or because he was actually innocent of the charges. There is, therefore, nothing that would preclude their use in the determination of his criminal history and career offender designation. For these reasons, Mr. Ruffin's sentence remains constitutionally and

legally valid. The Second Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence is DENIED. (ECF #145).

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Ruffin has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

Date: November 28, 2025